UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DEREK MORTLAND, Individually,

      Plaintiff,

vs.     Case No.

SHREEJI ENTERPRISES, LLC, a North Carolina, Limited Liability Company,

      Defendant.

_____/

**COMPLAINT**
(Injunctive Relief Demanded)

Plaintiff, DEREK MORTLAND, Individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, SHREEJI ENTERPRISES, LLC, a North Carolina, Limited Liability Company, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff, Derek Mortland, is an individual residing in Columbus, OH, in the County of Franklin.

2. Defendant's property, Super 8 Motel, is located at 11300 Texland Blvd., Charlotte, NC 28273, in the County of Mecklenburg.

3. Venue is properly located in the Western District of North Carolina because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5. Plaintiff Derek Mortland is an Ohio resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Mr. Mortland is paralyzed as a result of a spinal cord injury, and relies on a wheelchair to ambulate. Derek Mortland visited the subject property on January 22 - 23, 2020. Mr. Mortland regularly travels through Charlotte, NC, and stays over in Charlotte, NC on his way back and forth to and from Ohio. Mr. Mortland also has friends with disabilities who live in the Charlotte, NC area.

6. Mr. Mortland plans to return to the subject property in the future to avail himself of the goods and services offered to the public at the property, when the hotel is made accessible for her use. The Plaintiff has personally encountered or observed the architectural barriers at the subject property, which barriers are enumerated herein.

7. Defendant owns, leases (or leases to), or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Super 8 Motel, and is located at 11300 Texland Blvd., Charlotte, NC 28273.

8. Derek Mortland has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 10 of this complaint. Mr. Mortland has reasonable grounds to believe that he will continue to be subjected to

discrimination in violation of the ADA by the Defendant. Derek Mortland desires to visit Super 8 Motel not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

9. The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

10. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Super 8 Motel has shown that violations exist. These violations, which were personally encountered or observed by Plaintiff Derek Mortland include, but are not limited to:

**Accessible Routes**

A. There is not at least one accessible route provided within the site from accessible parking spaces, public streets and sidewalks, and public transportation stops to the accessible building or facility entrance they serve, in violation of Section 206.2.1 of the 2010 Standards, which remedy is readily achievable. This condition prevented the Plaintiff access to the sidewalk from the property, and safe access throughout the property, in violation of Section 206.2.1 of the 2010 ADA Standards, in violation of Section 206.2.1 of the 2010 Standards.

**Accessible Parking**

B. There are no wheel stops preventing vehicles from reducing the accessible path of travel to less than 36 inches making it difficult for the Plaintiff to traverse, in violation of Section 502.7 of the 2010 ADA Standards, whose resolution is readily achievable.

3

Case 3:20-cv-00353-FDW-DCK   Document 1   Filed 06/23/20   Page 3 of 11

C. The accessible parking spaces are in need of repair and maintenance making it difficult for the Plaintiff to locate accessible parking, in violation of 36.211 of the CFR 36, whose resolution is readily achievable.

D. The striping and markings for the accessible parking are dilapidated and in need of repair making it difficult for the Plaintiff to utilize, in violation of Section 502.3.3 of the 2010 ADA Standards, whose resolution is readily achievable.

E. The required parking space identification signs with the ISA symbol are missing making it difficult for the Plaintiff to locate the accessible parking, in violation of Section 502.6 of the 2010 ADA Standards, whose resolution is readily achievable.

F. The accessible parking space has cross slopes of up to 3.5%, which exceeds the maximum 2% allowance making it difficult for the Plaintiff to traverse, in violation of Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

G. Parking spaces have cross slopes from 3.5% to 5.8% making it difficult for the Plaintiff to traverse, in violation of Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

H. The curb ramp has changes in level where it meets the asphalt making it difficult for the Plaintiff to traverse, in violation of Sections 404.2.4.4 and 303 of the 2010 ADA Standards, whose resolution is readily achievable.

I. The access aisle is missing at the accessible parking stalls making it difficult for the Plaintiff to traverse, in violation of Section 502.2 of the 2010 ADA Standards, whose resolution is readily achievable. This condition prevents access by Mr. Mortland without assistance.

**Access to Goods and Service**

J. There are beverage dispensers and condiments in the breakfast self-service area that are located above the maximum reach range allowance for a side approach, violating Sections 308.3.2, 309.2 & 309.3 of the 2010 ADA Standards, which remedy is readily achievable.

K. The transaction counter exceeds the 36-inch-high maximum above the finished floor as required making it difficult for the Plaintiff to utilize, in violation of Sections 904.4.2 and 904.4.1 of the 2010 ADA Standards, whose resolution is readily achievable. This condition prevents access to the transaction counter by Mr. Mortland, in violation of Sections 904.2 and 904.4 of the 2010 ADA Standards.

4

L.  The Plaintiff had difficulty utilizing the ramp inside the hotel due to the ramps surface slope being 10.6%, in violation of Section 405.2 of the 2010 ADA Standards, whose resolution is readily achievable.

M.  The Plaintiff had difficulty utilizing the ramp landing, in violation of Section 405.7.3 of the 2010 ADA Standards, whose resolution is readily achievable.

N.  The Plaintiff had difficulty utilizing the handrails due to the handrails being 31 inches above the finished floor which does not meet the minimum height requirement of 33 inches, in violation of Section 505.4 of the 2010 ADA Standards, whose resolution is readily achievable.

**Guest Room 105**

O.  The guest room entrance door's peep hole is 60 inches above the finish floor making it difficult for the Plaintiff to utilize, in violation of Section 308.2.1 of the 2010 Standards, which resolution is readily achievable.

P.  The required 30 inch minimum and 48 inch maximum clear floor space on both sides of the bed have not been provided making it difficult for the Plaintiff to utilize, in violation of Section 806.2.3 of the 2010 ADA Standards, whose resolution is readily achievable.

Q.  The Plaintiff had a difficult time traversing between the bed and the dresser due to the clear width space provided is not 36 inches minimum as required, in violation of Sections 305.7.1 and 403.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

R.  The Plaintiff had difficulty in utilizing the desk due to the knee clearance exceeding the maximum height, in violation of Section 306.3.3 of the 2010 ADA Standards, whose resolution is readily achievable.

S.  The curtain rod controls require tight grasping and twisting of the wrist to operate making it difficult for the Plaintiff to utilize, in violation of Section 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

T.  The rod and shelf are mounted at 52 inches above the finish floor which exceeds the maximum height allowance of 48 inches making it difficult for the Plaintiff to utilize, in violation of Sections 308.2.1 and 308.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

U.  The Plaintiff had difficulty utilizing the air conditioning unit due to the clear floor space not allowing for a forward approach and the high forward reach exceeding 48 inches, in violation of Sections 308.2.2 and 305.3 of the 2010 ADA Standards, whose resolution is readily achievable.

V.  The water supply lines and drain pipe underneath the lavatory is exposed creating a hazard for the Plaintiff to use, in violation of Section 606.5 in the 2010 ADA Standards and 36.211 in the code of federal regulations, whose resolution is readily achievable.

W.  The Plaintiff had difficulty utilizing the lavatory due to the trash can obstructs the lavatory clear floor space, in violation of Section 305.3 of the 2010 ADA Standards, whose resolution is readily achievable.

X.  The Plaintiff had difficulty utilizing the lavatory due to the apron not providing compliant knee clearance underneath, in violation of Section 306.1 of the 2010 ADA Standards, whose resolution is readily achievable.

Y.  The flush handle is not located on the open end approach to the toilet making it difficult for the Plaintiff to utilize, in violation of Section 604.6 of the 2010 ADA Standards, whose resolution is readily achievable.

Z.  The water closet is positioned 13 inches from side wall measured to the center line of the water closet making it difficult for the Plaintiff to utilize, in violation of Sections 806.2.4 and 604.2 of the 2010 Standards, which resolution is readily achievable.

AA.  The side wall grab bar extends 51 inches from the back wall making it difficult for the Plaintiff to utilize, in violation of Section 604.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

BB.  The rear grab bar does not provide a minimum of 1-1/2 inches between the top of the tank and the grab bar making it difficult for the Plaintiff to utilize, in violation of Section 609.4 of the 2010 ADA Standards, whose resolution is readily achievable.

CC.  The bathtub controls are not located between the open side of the bathtub and the centerline of the width of the bathtub making it difficult for the Plaintiff to utilize, in violation of Section 607.5 of the 2010 ADA Standards, whose resolution is readily achievable.

DD.  The bathtub has not been provided with a hand held spray unit with a 59 inch hose and an on/off control with a non-positive shut-off making it difficult for the Plaintiff to utilize, in violation of Section 607.6 of the 2010 ADA Standards, whose resolution is readily achievable.

EE.  The Plaintiff had difficulty utilizing the bathtub due to not having two compliant grab bars as required, in violation of Sections 607.4.1.1 and 607.4.1 of the 2010 ADA Standards, whose resolution is readily achievable.

FF. The bathtub does not have an in tub or permanent fixed seating as required making it difficult for the Plaintiff to utilize, in violation of Section 607.3 of the 2010 ADA Standards, whose resolution is readily achievable.

GG. The Plaintiff had difficulty reaching the towels due to the height of the shelving exceeding the maximum of 48 inches above the finished floor, in violation of Sections 308.2.1 and 308.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

HH. The Plaintiff had difficulty utilizing the hair dryer due to the hair dryer being mounted 50 inches above the finished floor which exceeds the maximum height allowance of 48 inches, in violation of Section 308.2.1 of the 2010 ADA Standards, whose resolution is readily achievable.

II. The lavatory faucet controls require over 5 pounds of pressure to operate making it difficult for the Plaintiff to utilize, in violation of Section 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

JJ. The bathtub controls require over 5 pounds of pressure to operate making it difficult for the Plaintiff to utilize, in violation of Section 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

KK. The Plaintiff had difficulty utilizing the handrails due to the handrails being 31 inches above the finished floor which does not meet the minimum height requirement of 33 inches, in violation of Section 505.4 of the 2010 ADA Standards, whose resolution is readily achievable.

**Lack of Compliant Disabled Rooms Properly Disbursed**

LL. The lack of compliant disabled rooms are not properly dispersed amongst the various classes of guest rooms in violation of Section 224.5 of the 2010 ADAAG.

**Maintenance**

MM. The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR 36.211.

11. All of the foregoing violations are also violations of the 1991 Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

7

12. The discriminatory violations described in paragraph 10 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

13. Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because

of the absence of auxiliary aids and services.

14. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

15. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

16. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

17. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff

Injunctive Relief, including an order to require the Defendant to alter Super 8 Motel to make the facility readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

WHEREFORE, Plaintiff respectfully requests:

    a.    The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq.

    b.    Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

    c.    An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

    d.    Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

e. The Order shall further require the Defendant to maintain the required accessible features on an ongoing basis.

Respectfully Submitted,

Walter E. Daniels III, Esq., NC Bar No. 27219
Daniels Law Firm, PC
14 South Pack Sq., Suite 502
Asheville, NC 28801
(828) 258-7022
walter@danielslawfirm.net

John P. Fuller, Esq., *pro hac vice pending*
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
jpf@fullerfuller.com

By:_____
    Walter E. Daniels III, Esq., NC Bar No. 28219

Counsel for Plaintiff Derek Mortland