# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## Civil Action No. 3:20-cv-00353-FDW-DCK

| | |
|---|---|
| DEREK MORTLAND, | )<br>)<br>) |
| Plaintiff, | ) |
| v. | ) **ANSWER** |
| SHREEJI ENTERPRISES, LLC, | )<br>)<br>) |
| Defendant. | )<br>) |

Defendant Shreeji Enterprises, LLC ("Defendant") brings a Motion to Dismiss and answers the correspondingly numbered paragraphs of Plaintiff Derek Mortland's ("Plaintiff") Complaint, (Doc. 1), as follows:

## FIRST DEFENSE
### [Rule 12(b)(6) Motion to Dismiss]

Plaintiff's Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## SECOND DEFENSE
### [Answer]

Defendant answers the Plaintiff's Complaint as follows:

1. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 and those allegations are therefore denied.

2. Admitted.

3. Admitted that Defendant's property is located in and does business within this juridical district. The remaining allegations in paragraph 3 state a legal conclusion to which no

response is required. To the extent a response is required by the Rules, Defendant admits it is not challenging venue.

4. Paragraph 4 contains a legal conclusion to which no response is required. To the extent a response is required by the Rules, Defendant admits it is not challenging jurisdiction.

5. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5 and those allegations are therefore denied.

6. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6 and those allegations are therefore denied.

7. Admitted that Defendant owns and operates a Super 8 Motel located at 11300 Texland Blvd., Charlotte, North Carolina, 28273. The remaining allegations in paragraph 7 are legal conclusions to which no response is required. To the extent a response is required by the Rules, Defendant admits that the hotel is a place of public accommodation and that Plaintiff is required to follow laws applicable to the operation of the hotel.

8. The allegations in paragraph 8 pertaining to Plaintiff's beliefs and desires are denied for lack of knowledge. The remaining allegations in paragraph 8 are denied.

9. Denied.

10. Defendant denies that it discriminated against Plaintiff in violation of the ADA, and denies the allegations in paragraph 10 and its subparts pertaining to Plaintiff's alleged inspection and experience at the hotel, for lack of knowledge. Defendant responds to the remaining allegations in paragraph 10 and its subparts as follows:

    A. Upon information and belief, denied.

2

B. Upon information and belief, admitted that one or more wheel stops may not be present in the area described. Except as expressly admitted herein, the allegations in paragraph 10(B.) are, upon information and belief, denied.

C. Upon information and belief, denied.

D. Upon information and belief, denied.

E. Upon information and belief, admitted that there are not signs in the areas described. Except as expressly admitted herein, the allegations in paragraph 10(E.) are, upon information and belief, denied.

F. Upon information and belief, admitted that some areas of the parking lot may have slopes at certain points. Except as expressly admitted herein, the allegations in paragraph 10(F.) are, upon information and belief, denied.

G. Upon information and belief, admitted that some areas of the parking lot may have slopes at certain points. Except as expressly admitted herein, the allegations in paragraph 10(G.) are, upon information and belief, denied.

H. Upon information and belief, denied.

I. Upon information and belief, denied.

J. Upon information and belief, denied.

K. Upon information and belief, denied.

L. Upon information and belief, admitted that the ramp inside the hotel is sloped. Except as expressly admitted herein, the allegations in paragraph 10(L.) are, upon information and belief, denied.

M. Upon information and belief, denied.

N. Admitted, upon information and belief, that the handrails are approximately thirty-one (31) inches above the finished floor. Except as expressly admitted herein, the allegations in paragraph 10(N.) are, upon information and belief, denied.

O. Admitted, upon information and belief, that one of the peepholes is located approximately sixty (60) inches above the finish floor. Except as expressly admitted herein, the allegations in paragraph 10(O.) are, upon information and belief, denied.

P. Upon information and belief, denied.

Q. Upon information and belief, denied.

R. Admitted, upon information and belief, that the knee clearance under the desk is approximately twenty-four (24) inches. Except as expressly admitted herein, the allegations in paragraph 10(R.) are, upon information and belief, denied.

S. Upon information and belief, denied.

T. Admitted, upon information and belief, that the curtain rod and shelf are located approximately fifty-two (52) inches above the finish floor. Except as expressly admitted herein, the allegations in paragraph 10(T.) are, upon information and belief, denied.

U. Upon information and belief, denied.

V. Admitted, upon information and belief, that the water supply lines and drain pipe are not covered. Except as expressly admitted herein, the allegations in paragraph 10(V.) are, upon information and belief, denied.

W. Upon information and belief, denied.

X. Upon information and belief, denied.

Y. Admitted, upon information and belief, that the flush handle is not located on the open end approach to the toilet. Except as expressly admitted herein, the allegations in paragraph 10(Y.) are, upon information and belief, denied.

Z. Admitted that the water closet is located approximately thirteen (13) inches from the side wall. Except as expressly admitted herein, the allegations in paragraph 10(Z.) are, upon information and belief, denied.

AA. Admitted, upon information and belief, that the side wall grab bar extends approximately fifty-one (51) inches from the back wall. Except as expressly admitted herein, the allegations in paragraph 10(AA.) are, upon information and belief, denied.

BB. Upon information and belief, denied.

CC. Admitted, upon information and belief, that the controls are located on the open side of the bathtub. Except as expressly admitted herein, the allegations in paragraph 10(CC.) are, upon information and belief, denied.

DD. Admitted, upon information and belief, that the bathtub does not contain a handheld spray unit. Except as expressly admitted herein, the allegations in paragraph 10(DD.) are, upon information and belief, denied.

EE. Upon information and belief, denied.

FF. Admitted, upon information and belief, that the bathtub does not have an in-tub or permanent fixed seating. Except as expressly admitted herein, the allegations in paragraph 10(FF.) are, upon information and belief, denied.

GG. Upon information and belief, denied.

HH. Upon information and belief, denied.

II. Upon information and belief, denied.

JJ. Upon information and belief, denied.

KK. Admitted, upon information and belief, that a portion of a handrail in the hotel is located approximately thirty-one (31) inches above the finished floor. Except as expressly admitted herein, the allegations in paragraph 10(KK.) are, upon information and belief, denied.

LL. Upon information and belief, denied.

MM. Upon information and belief, denied.

11. The allegations in paragraph 11 are legal conclusions to which no response is required. To the extent a response is required by the Rules, the allegations in paragraph 11 are denied.

12. Denied.

13. Denied.

14. Denied.

15. The allegations in paragraph 15 are legal conclusions to which no response is required. To the extent a response is required by the Rules, Defendant admits that the ADA regulations are in writing and speak for themselves.

16. The allegations in paragraph 16 are legal conclusions to which no response is required. To the extent a response is required by the Rules, Defendant admits that the ADA regulations are in writing and speak for themselves. Except as expressly admitted herein, the allegations in paragraph 16 are denied.

17.     The allegations in paragraph 17 are legal conclusions to which no response is required. To the extent a response is required by the Rules, Defendant admits that the ADA regulations are in writing and speak for themselves, but denies that Plaintiff is entitled to the relief requested.

### THIRD DEFENSE

Plaintiff's claims are barred because Plaintiff lacks standing to pursue his claims. Plaintiff has not shown, and cannot show, a plausible intent or desire to return to Defendant's hotel, or that there is a likelihood of discrimination if Plaintiff does return.

### FOURTH DEFENSE

Plaintiff's claims are barred because the Defendant's hotel was first occupied before January 26, 1993, and the barrier removals Plaintiff seeks under the ADA are not "readily achievable" or "easily accomplishable and able to be carried out without much difficulty or expense" within the meaning of 42 US.C. § 12181(9), and/or would fundamentally alter the nature of the goods, services, facilities, privileged, advantages, or accommodations provided by the hotel. In addition, one or more of the modifications Plaintiff seeks under the ADA are structurally impracticable and/or would impose an undue burden on Defendant.

### FIFTH DEFENSE

Plaintiff's claims are barred because the modifications Plaintiff seeks are not modifications to "alterations" within the meaning of 28 C.F.R. § 36.402.

### SIXTH DEFENSE

Alternatively, to the extent Plaintiff seeks modifications to any established "alteration" at the hotel, Plaintiff's claims are barred because the modifications Plaintiff seeks are virtually impossible in light of the nature of the hotel, the requested modifications to the path of travel are

disproportionate to such alteration in terms of cost and scope because the expected cost would exceed 20% of the cost of the alteration to the primary function area, and the modifications would be technically infeasible.

**SEVENTH DEFENSE**

Alternatively, to the extent Plaintiff seeks modifications to any established "alteration" at the hotel, Plaintiff's claims are barred because Defendant satisfied the "maximum extent feasible" standard. 28 C.F.R. §36.402.

**EIGHTH DEFENSE**

To the extent any architectural barriers exist, they are merely technical violations within acceptable conventional building industry tolerances for field conditions, and the hotel, when taken as a whole, is compliant with the ADA and its implementing regulations.

**NINTH DEFENSE**

Defendant has made good faith efforts to comply with the ADA, including providing appropriate alternative access.

**TENTH DEFENSE**

The imposition of statutory minimum damages in this matter would violate Defendant's Eighth Amendment protection against excessive fines in violation of the United States Constitution.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred in whole or in part by applicable statutes of limitation.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant Shreeji Enterprises, LLC, prays the Court for the following relief:

1. That Plaintiff have and recover nothing on his claims, and that the Complaint be dismissed, with prejudice;

2. That the Court tax the costs of this action against Plaintiff;

3. That Defendant be awarded its reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 12205;

4. That Defendant be granted a jury trial on all issues so triable; and

5. That Defendant be granted such other relief as the Court deems just and appropriate.

Respectfully submitted this the 2nd day of September, 2020.

**JAMES, McELROY & DIEHL, P.A.**

/s/ Jon P. Carroll
Jon P. Carroll, N.C. State Bar No. 33850
jcarroll@jmdlaw.com
525 North Tryon Street, Suite 700
Charlotte, North Carolina 28202
Telephone: (704) 372-9870
Facsimile: (704) 350-9317
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing **ANSWER** has this date been electronically filed with the Clerk of Court using the CM/ECF system, which will transmit notification of such filing, constituting service thereof, to the following:

> Walter E. Daniels – walter@danielslawfirm.net
> *Attorneys for Plaintiff*

The undersigned further certifies that the foregoing **ANSWER** has this date been served on Plaintiff's out-of-state counsel, via First Class Mail, sufficient postage prepaid, addressed as follows:

> John P. Fuller
> Fuller, Fuller & Associates, P.A.
> 12000 Biscayne Blvd., Suite 502
> North Miami, FL 33181
> *Attorneys for Plaintiff admitted Pro Hac Vice*

This the 2nd day of September, 2020.

**JAMES, McELROY & DIEHL, P.A.**

/s/ Jon P. Carroll
Jon P. Carroll, N.C. State Bar No. 33850
jcarroll@jmdlaw.com
525 North Tryon Street, Suite 700
Charlotte, North Carolina 28202
Telephone: (704) 372-9870
Facsimile: (704) 350-9317
*Attorneys for Defendant*